**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

       Plaintiff,

v.

SPI SUNSET LLC, FONDA SABANETA LLC
D/B/A FONDA SABANETA, INCA GROUP LLC
D/B/A MACHUPICCHU RESTAURANT,
TROPICAL SUPERMARKET NO. 15 INC. D/B/A
PRESIDENTE SUPERMARKET NO. 22 AND
CHAI & ZENG LLC D/B/A SOUTH GARDEN
CHINESE RESTAURANT,

       Defendants.

_____/

## COMPLAINT

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues SPI SUNSET LLC, FONDA SABANETA LLC D/B/A FONDA SABANETA, INCA GROUP LLC D/B/A MACHUPICCHU RESTAURANT, TROPICAL SUPERMARKET NO. 15 INC. D/B/A PRESIDENTE SUPERMARKET NO. 22 and CHAI & ZENG LLC D/B/A SOUTH GARDEN CHINESE RESTAURANT (hereinafter "Defendants" when referred to collectively), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.     This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

1

2.       The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.       Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

4.       At all times material, Defendants, SPI SUNSET LLC, owned and continues to own a commercial plaza property at 10855 SW 72nd Street Miami, Florida 33173 (hereinafter the "commercial plaza property") which conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

5.       At all times material, Defendant, SPI SUNSET LLC, was and is a Florida Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Miami, Florida

6.       At all times material, Defendant, FONDA SABANETA LLC D/B/A FONDA SABANETA, was and is a Florida Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Miami, Florida.

7.       At all times material, Defendant, FONDA SABANETA LLC D/B/A FONDA SABANETA, owned and operated a commercial restaurant business located at 10855 SW 72nd Street, Suite 47, Miami, Florida 33173 (hereinafter the "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, FONDA SABANETA LLC, holds itself out to the public as "FONDA SABANETA."

8.       At all times material, Defendant, INCA GROUP LLC D/B/A MACHUPICCHU RESTAURANT, was and is a Florida Limited Liability Company which is registered to conduct

business in the State of Florida and has the principal place of business listed in this complaint in Miami, Florida.

9.      At all times material, Defendant, INCA GROUP LLC D/B/A MACHUPICCHU RESTAURANT, owned and operated a commercial restaurant business located at 10855 SW 72nd Street, Suite 27, Miami, Florida 33173 (hereinafter "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, INCA GROUP LLC, holds itself out to the public as "MACHUPICCHU RESTAURANT."

10.      At all times material, Defendant, INCA GROUP LLC D/B/A MACHUPICCHU RESTAURANT, was and is each a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

11.      At all times material, Defendant, TROPICAL SUPERMARKET NO. 15 INC. D/B/A PRESIDENTE SUPERMARKET NO. 22, was and is a Florida Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Miami, Florida.

12.      At all times material, Defendant, TROPICAL SUPERMARKET NO. 15 INC. D/B/A PRESIDENTE SUPERMARKET NO. 22, owned and operated a commercial grocery store business located at 10855 SW 72nd Street, Units 32-38, Miami, Florida 33173 (hereinafter "grocery store business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, TROPICAL SUPERMARKET NO. 15 INC., holds itself out to the public as "PRESIDENTE SUPERMARKET NO. 22."

13.      At all times material, Defendant, TROPICAL SUPERMARKET NO. 15 INC. D/B/A PRESIDENTE SUPERMARKET NO. 22, Units 32-38, was and is each a Florida Corporation,

organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

14.     At all times material, Defendant, CHAI & ZENG LLC D/B/A SOUTH GARDEN CHINESE RESTAURANT, was and is a Florida Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Miami, Florida.

15.     At all times material, Defendant, CHAI & ZENG LLC D/B/A SOUTH GARDEN CHINESE RESTAURANT, owned and operated a commercial restaurant business located at 10855 SW 72nd Street, Suite 10, Miami, Florida 33173 (hereinafter "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, CHAI & ZENG LLC, holds itself out to the public as "SOUTH GARDEN CHINESE RESTAURANT."

16.     At all times material, Defendant, CHAI & ZENG LLC D/B/A SOUTH GARDEN CHINESE RESTAURANT, was and is each a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

17.     At all times material, SPI SUNSET LLC, is the real property owner of the real property that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Miami, Florida.

18.     At all times material, FONDA SABANETA LLC D/B/A FONDA SABANETA, is the individual owner of a restaurant business that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Miami, Florida.

19.     At all times material, INCA GROUP LLC D/B/A MACHUPICCHU RESTAURANT, is the individual owner of a restaurant business that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Miami, Florida.

20.     At all times material, TROPICAL SUPERMARKET NO. 15 INC. D/B/A PRESIDENTE SUPERMARKET NO. 22, is the individual owner of a grocery store business that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Miami, Florida

21.     At all times material, CHAI & ZENG LLC D/B/A SOUTH GARDEN CHINESE RESTAURANT, is the individual owner of a restaurant business that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Miami, Florida

22.     Venue is properly located in the Southern District of Florida because Defendants' commercial plaza property, restaurant businesses and grocery store business are located in Miami-Dade County, Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

<u>FACTUAL ALLEGATIONS</u>

23.     Although well over thirty-three (33) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

24.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property and the businesses therein.

25.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and

requires landlords and tenants to be liable for compliance.

26.     The Defendants in the instant case are the owners of the real property and the owners of the restaurant businesses and a grocery store business located within the subject commercial plaza property at 10855 SW 72 Street, Miami, Florida 33173 which individually and together are a place of public accommodation.

27.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

28.     Defendant, SPI SUNSET LLC, owns, operates, and oversees the commercial plaza property that is the subject of this ADA Complaint, with all listed areas being open to the public.

29.     Defendant, FONDA SABANETA LLC D/B/A FONDA SABANETA, owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

30.     Defendant, INCA GROUP LLC D/B/A MACHUPICCHU RESTAURANT, owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

31.     Defendant, TROPICAL SUPERMARKET NO. 15 INC. D/B/A PRESIDENTE SUPERMARKET NO. 22, owns, operates and oversees a commercial grocery store business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

32.    Defendant, CHAI & ZENG LLC D/B/A SOUTH GARDEN CHINESE RESTAURANT, owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

33.    The subject commercial plaza property is open to the public and is located in Miami-Dade County, Florida. The individual Plaintiff visits the commercial property, to include visits to the commercial plaza property, the grocery store business, and restaurant businesses located within the commercial plaza property on August 21, 2024 and on August 23, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial plaza property.  He often visits the commercial plaza property and businesses within it, in order to avail himself of the goods and services offered there, and because it is approximately twenty-one and a half (21.5) miles from his residence and is near other business and he frequents as a patron.  He plans to return to the commercial plaza property within two (2) months from the date of the filing of this Complaint.

34.    The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the commercial plaza property, grocery store business, and commercial restaurant businesses each to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the commercial property, grocery store business, and restaurant businesses listed in this Complaint and wishes to continue his patronage and use of the premises.

35.    The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA at the subject commercial plaza property, grocery store business, and restaurant businesses. The barriers to access at Defendants' commercial plaza property, grocery store business, and restaurant businesses have each denied or diminished

Plaintiff's ability to visit the commercial plaza property and businesses within it and have endangered his safety in violation of the ADA.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

36.     Mr. De La Torre Pardo is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

37.     He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. Mr. De La Torre Pardo is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

38.     Defendant, SPI SUNSET LLC, owns and operates the commercial real property which is the subject of this ADA Action and which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, SPI SUNSET LLC, as owner of the commercial real property are accordingly jointly and severally responsible for complying with the obligations of the ADA along with its tenants and Co-Defendants, FONDA SABANETA LLC D/B/A FONDA SABANETA, INCA GROUP LLC D/B/A MACHUPICCHU RESTAURANT, TROPICAL SUPERMARKET NO. 15 INC. D/B/A PRESIDENTE SUPERMARKET NO. 22 and CHAI & ZENG LLC D/B/A SOUTH GARDEN CHINESE RESTAURANT in regard to each tenant's commercial space.

39.     The place of public accommodation that Defendant, FONDA SABANETA LLC

D/B/A FONDA SABANETA, owns and operates is the restaurant business located at 10855 SW 72 Street, Suite 47, Miami, Florida 33173 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, SPI SUNSET LLC.

40.     The place of public accommodation that Defendant, INCA GROUP LLC D/B/A MACHU PICCHU RESTAURANT, owns and operates is the restaurant business located at 10855 SW 72 Street, Suite 27, Miami, Florida 33173 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, SPI SUNSET LLC.

41.     The place of public accommodation that Defendant, TROPICAL SUPERMARKET NO. 15 INC. D/B/A PRESIDENTE SUPERMARKET NO. 22, owns and operates is the grocery store business located at 10855 SW 72 Street, Units 32-38, Miami, Florida 33173 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, SPI SUNSET LLC.

42.     The place of public accommodation that Defendant, CHAI & ZENG LLC D/B/A SOUTH GARDEN CHINESE RESTAURANT, owns and operates is the restaurant located at 10855 SW 72 Street, Suite 10, Miami, Florida 33173 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, SPI SUNSET LLC.

43.     Defendant/Landlord, SPI SUNSET LLC, as owner of the commercial plaza property, and Co-Defendant/Tenants, FONDA SABANETA LLC D/B/A FONDA SABANETA, INCA GROUP LLC D/B/A MACHUPICCHU RESTAURANT, TROPICAL SUPERMARKET

NO. 15 INC. D/B/A PRESIDENTE SUPERMARKET NO. 22 and CHAI & ZENG LLC D/B/A

SOUTH GARDEN CHINESE RESTAURANT, as owners of the commercial restaurant businesses

(respectively) located at the subject property are together each jointly and severally liable for all

ADA violations listed in this Complaint for the violations within their leased spaces.

44.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible,

existing and continuing threat of discrimination from the Defendants' non-compliance with the

ADA with respect to the described commercial plaza property and restaurant businesses, including

but not necessarily limited to the allegations of this Complaint.  Plaintiff has reasonable grounds

to believe that he will continue to be subjected to discrimination at the commercial plaza property

and restaurant businesses, in violation of the ADA. Plaintiff desires to visit the commercial plaza

property, grocery store business, and restaurant businesses located therein, not only to avail himself

of the goods and services available at the commercial plaza property, but to assure himself that the

commercial plaza property, grocery store business, and restaurant business are in compliance with the

ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial

plaza property without fear of discrimination.

45.     Defendants have discriminated against the individual Plaintiff by denying him

access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages

and/or accommodations of the commercial plaza property, as prohibited by 42 U.S.C. § 12182 et

seq.

## COUNT I - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, SPI SUNSET LLC FOR COMMON AREAS

46.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through

45 above as though fully set forth herein.

47.     Defendant, SPI SUNSET LLC. has discriminated, and continues to discriminate,

against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the commercial plaza property, include but are not limited to, the following:

   i.   <u>Entrance Access and Path of Travel</u>

   i.   The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

   ii.   The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

   iii.   There are objects on the path of travel at the facility that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

   iv.   The Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**<u>COUNT II - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, SPI SUNSET LLC AND TENANT/DEFENDANT, FONDA SABANETA LLC D/B/A FONDA SABANETA, FOR AREAS WITHIN FONDA SABANETA LLC D/B/A FONDA SABANETA'S LEASED PLACE OF PUBLIC ACCOMODATION</u>**

48.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

49.     Defendants, SPI SUNSET LLC and FONDA SABANETA LLC D/B/A FONDA SABANETA have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

A.  Public Restrooms

i.      The Plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance is not provided. Violation: The restroom area door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff had difficulty using the doorknob on the restroom area door without assistance, as it requires tight grasping. Violation: The restroom area door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the

ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.      The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is missing and the side grab bar is not the required length. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.16.4 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.    The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III - ADA VIOLATIONS FOR LANDLORD/DEFENDANTS SPI SUNSET LLC AND TENANT/DEFENDANT, INCA GROUP LLC D/B/A MACHUPICCHU RESTAURANT, FOR AREAS WITHIN INCA GROUP LLC D/B/A MACHUPICCHU RESTAURANT' LEASED PLACE OF PUBLIC ACCOMODATION**

50.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

51.     Defendants, SPI SUNSET LLC and INCA GROUP LLC D/B/A MACHUPICCHU RESTAURANT have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the commercial plaza property

and restaurant business, include but are not limited to, the following:

A. Entrance Access and Path of Travel

i.      The Plaintiff could not traverse through areas of the restaurant, as the required 36"
path is not provided. Violation: A continuous path of travel connecting all essential elements of
the restaurant is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and
Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Access to Goods and Services

i.      There is seating provided at the facility that does not comply with the standards
prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards,
whose resolution is readily achievable.

C. Public Restrooms

i.      There are permanently designated interior spaces without proper signage, violating
Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA
Standards, whose resolution is readily achievable.

ii.     The Plaintiff could not enter the restroom without assistance, as the required
maneuvering clearance is not provided. Violation: The restroom door does not provide the
required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the
2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar
is missing. Violation: The grab bars do not comply with the requirements prescribed in Section
4.16.4 & Figure 29 of the ADAAG and Sections 604.5.2 & 609.4 of the 2010 ADA Standards,
whose resolution is readily achievable.

iv.     The Plaintiff could not use the toilet paper dispenser without assistance, as it is not

mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

   v. The Plaintiff could not transfer to the toilet without assistance, as the clear floor space is obstructed. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

   vi. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT IV - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, SPI SUNSET LLC AND TENANT/DEFENDANT, TROPICAL SUPERMARKET NO. 15 INC. D/B/A PRESIDENTE SUPERMARKET NO. 22, FOR AREAS WITHIN TROPICAL SUPERMARKET NO. 15 INC. D/B/A PRESIDENTE SUPERMARKET NO. 22'S LEASED PLACE OF PUBLIC ACCOMODATION**

   52.   The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

   53.   Defendants, SPI SUNSET LLC and INCA GROUP LLC D/B/A MACHUPICCHU RESTAURANT have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

  A.  <u>Access to Goods and Services</u>

   i.     The Plaintiff could not reach the plastic bags & scales as they are mounted too high. Violation: There are self-service areas with elements that are outside of the reach ranges

prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Section 308 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.      There are drinking fountains that don't provide access to those who have difficulty bending or stooping. Violation: There are drinking fountains that are in violation of Section 4.1.3(10) of the ADAAG and Sections 211.2 & 602.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  <u>Public Restrooms</u>

i.      The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.      The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.      The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.      The Plaintiff could not use the lavatories outside the accessible toilet compartment without assistance, as the pipes are not fully insulated and the required knee clearance is not

provided. Violation: There are lavatories outside accessible toilet compartments in public restrooms with pipes that are not properly insulated and without sufficient clearances, violating the requirements in Sections 4.19.2, 4.19.4, and Figures 31 of the ADAAG and Sections 213.3.4. 305.4, 306.3.1, 606.2, & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT V - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, SPI SUNSET LLC AND TENANT/DEFENDANT, CHAI & ZENG LLC D/B/A SOUTH GARDEN CHINESE RESTAURANT, FOR AREAS WITHIN CHAI & ZENG LLC D/B/A SOUTH GARDEN CHINESE RESTAURANT'S LEASED PLACE OF PUBLIC ACCOMODATION**

54.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

55.     Defendants, SPI SUNSET LLC and CHAI & ZENG LLC D/B/A SOUTH GARDEN CHINESE RESTAURANT have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

 A.  Public Restrooms

i.      The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.      The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the

ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not mounted at the required location and they are not mounted at the required height. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Sections 604.5 & 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

56.     The discriminatory violations described in this ADA Complaint are not an exclusive list of the Defendants' ADA violations.   Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the commercial plaza property, and restaurants; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.   Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

57.     The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial plaza property, and also in the grocery store business and restaurant businesses within the place of public accommodation; and has otherwise been discriminated against and damaged by the Defendants

because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

58.     Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

59.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and

all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

60.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

61.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendants.

62.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located in and/or within the commercial plaza property, grocery store, and restaurants located at the commercial plaza whose address is listed 10855 SW 72 Street, Miami, Florida 33173 and the restaurants listed as Co-Defendants in this ADA Action, to include the interiors, exterior areas, and the common exterior areas of the commercial plaza property grocery store, and restaurants within the plaza in order to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 ; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 25, 2025

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 W. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com


By: ___/s/_Anthony J. Perez_____
        ANTHONY J. PEREZ
        Florida Bar No.: 535451